**Irene Garza BUENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–045 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted June 10, 1999.

Decided July 28, 1999.

Tom Brown, Livingston, for appellant.

John S. Holleman, District Attorney, Livingston, Alan K. Sumrall, Assistant District Attorney, Livingston, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Following a plea of not guilty, Irene Garza Bueno was convicted by a jury for the offense of causing serious bodily injury to a child. *See* TEX. PEN. CODE ANN. § 22.04(a)(1) (Vernon 1994).[1] Punishment, enhanced by a prior conviction, was assessed by the jury at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Bueno contends the evidence is legally, or alternatively, factually insufficient to support the verdict. She specifically argues the evidence is insufficient to show she caused serious bodily injury to the victim.

In reviewing the sufficiency of the evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Santellan v. State,* 939 S.W.2d 155, 160 (Tex.Crim.App.1997).

The record reveals that S.S., a fourteen year-old female, was at a friend's house at approximately 1:45 a.m. when Bueno arrived at the house. Bueno appeared upset and was yelling at S.S. After being told by family members to go home, S.S. went back to her house and sat on her front porch. While at her house, S.S. talked with a boy named Gabriel, who, apparently, was the subject of dispute between S.S. and Bueno. S.S. asked to see Gabriel's knife (a four inch pocketknife) and began playing with it. S.S. then saw Bueno, across the street at a convenience store, yelling and pointing in S.S.'s direction. S.S. approached Bueno, with the knife in her hand, "to find out why [Bueno] was mad at [her]." Bueno told S.S., "You know you are doing wrong[,]" and "Well, you can take him. I don't want him anyway." Bueno then grabbed the knife from S.S.'s hand. After seeing S.S.'s mother, Bueno ran behind the convenience store, but then subsequently ran back out from behind the building, straight to S.S., stabbing another person in the process. Bueno stabbed S.S. in the stomach and then ran away.

After being stabbed, S.S. was taken to a county hospital. Officer Ray Stubbs, the investigating officer, spoke with S.S. at the hospital. He testified that S.S. "had what appeared to be a stab wound in her abdomen." He stated the wound was a puncture wound, in the right center portion of the abdomen, approximately four inches above the navel. Officer Stubbs did not know the depth of the wound, but testified that in his opinion, the injury was a serious injury.

S.S. was subsequently transferred to UTMB Children's Hospital in Galveston. S.S.'s mother testified that S.S. had been transferred because the doctor's feared the lining of her stomach may have been damaged. S.S. stayed in the hospital for two and one half days. Although it was originally thought that she might need surgery, she did not. S.S. testified that "mostly, [she] had to lay around; and when a nurse

---

1. **§ 22.04. Injury to a Child, Elderly Individual, or Disabled Individual**

    (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, know-ingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

    (1) serious bodily injury[.]

was with [her], [she] had to get up and try to walk." She stated her legs were sore, but she could walk. At trial, S.S. exhibited her scar to the jury. The scar was approximately two inches long, located about two inches below the breastbone.

■ The jury was instructed on the definitions of "serious bodily injury" and "bodily injury." "Serious bodily injury" was defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PEN. CODE ANN. § 1.07(a)(46) (Vernon 1994). "Bodily injury" was defined as "physical pain, illness, or any impairment of physical condition." TEX. PEN. CODE ANN. § 1.07(a)(8) (Vernon 1994).

The State concedes that S.S. did not suffer an injury that created "a substantial risk of death" or that caused death, or that she suffered from a "protracted loss or impairment of the function of any bodily member or organ." Rather, it is the State's contention that S.S.'s resulting scar amounts to a "serious permanent disfigurement," and, as a result, satisfies the definition of "serious bodily injury." Thus, the only issue to be considered is whether the victim suffered a serious permanent disfigurement.

The only evidence of a permanent disfigurement is a two inch scar on S.S.'s abdomen. There was no evidence offered on the extent or permanence of the scarring. A scar, however, is not sufficient to establish "serious" permanent disfigurement. *See Hernandez v. State,* 946 S.W.2d 108, 113 (Tex.App.-El Paso 1997, no pet.) (injury was not sufficient to establish serious permanent disfigurement where only evidence was that of a scar from a stab wound and subsequent surgery); *McCoy v.*

*State,* 932 S.W.2d 720, 724 (Tex.App.-Fort Worth 1996, pet ref'd) (slight scar on lip, although "lasting and permanent," was insufficient to support a finding that injury was a serious permanent disfigurement). In the instant case, the scar, without more evidence of permanence or degree of disfigurement, is insufficient to extend "bodily injury" to "serious bodily injury."

■ Although we find the evidence insufficient to support a finding of "serious bodily injury," there is, nonetheless, ample evidence of "bodily injury." The jury in this case was instructed on the lesser-included offense of intentionally and knowingly causing bodily injury to a child. *See* TEX. PEN. CODE ANN. § 22.04(a)(3) (Vernon 1994).[2] By finding Bueno guilty of serious bodily injury, it thereby also found her guilty of the offense of causing bodily injury to a child.

Bueno's sole issue is sustained. We modify the trial court's judgment to reflect a conviction for bodily injury, a third degree felony, affirm the conviction as modified, reverse the imposition of punishment, and remand the case for a new trial on punishment. *See Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993); *see also* TEX. R. APP. P. 43.2.

AFFIRMED AS MODIFIED; REVERSED AND REMANDED IN PART.

2. § 22.04. Injury to a Child, Elderly Individual, or Disabled Individual
    (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
    . . .;
    (3) bodily injury.