NO.
12-05-00329-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

HERBERT HUNT,   §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                            


MEMORANDUM OPINION

            Herbert Hunt
appeals his conviction for the offense of injury to a child.  In two issues, Appellant contends that the
trial court erred when it overruled his objections to the assembled petit jury
and that the evidence was insufficient to sustain the conviction.  We affirm.

 

Background








            T.K.
was four years old when he first came to a preschool in the Whitehouse School
District.  He was in the special
education program, and his teacher noticed that his back was almost completely
covered in bandages.  Several days later
he came back to school without the bandages. 
His teacher inspected his back and observed significant injuries.  Specifically, his back had many long cuts or
lacerations.  The wounds on his back
ranged from very recently inflicted and still bleeding wounds to nearly healed
wounds with raised scars.  He had
similar, but less serious, wounds on his face and arms.  The injuries to his back, which were
photographed that day, are not amenable to written description but two
witnesses likened them to something from the movie “Roots.”  A police officer with more than twenty years
of experience almost lost his composure on the witness stand when asked to
recount the first time he saw the injuries.








            T.K.’s
sister, who was in the first grade, told the school officials that her mother’s
boyfriend, Appellant, had beaten T.K.  An
investigation began, and Appellant and the child’s mother were both arrested
and subsequently indicted for the felony offense of injury to a child.  The mother’s trial was conducted first, and
Appellant testified at that trial against the advice of his attorney.  Appellant told that jury that he had inflicted
most of the injuries to T.K., although he downplayed the violence of the attack
and suggested that the injuries had worsened because the child had gone
horseback riding or rubbed against something.

            Appellant
pleaded not guilty at his own trial. The jury found him guilty and assessed
punishment at fifty years of imprisonment. This appeal follows.

 

Batson
Challenge

            In
his first issue, Appellant complains that the State engaged in purposeful
racial discrimination in its use of peremptory challenges.  Racial discrimination in the use of
peremptory challenges violates the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution. 
See Batson v. Kentucky, 476 U.S. 79, 84, 106 S. Ct.
1712, 1716, 90 L. Ed. 2d 69 (1986); Strauder v. West Virginia,
100 U.S. 303, 310, 25 L. Ed. 664 (1880). 
In Batson, the Supreme Court left it to the lower courts
and the state legislatures to determine how to implement its decision.  Batson, 476 U.S. at 99, n.24,
106 S. Ct. at 1725, n.24.  In response,
the Texas Legislature enacted article 35.261 of the Texas Code of Criminal
Procedure.  Article 35.261 is the
appropriate mechanism to raise and resolve claims that venire members have been
peremptorily challenged on the basis of race. 
Hill v. State, 827 S.W.2d 860, 863 (Tex. Crim. App. 1992).

            For
a Batson objection to be timely under article 35.261, it must be
made after the parties have delivered their lists to the clerk under article
35.261 and before the court has impaneled the jury.  Hill, 827 S.W.2d at 864; Saldivar
v. State, 980 S.W.2d 475, 482-84 (Tex. App.–Houston [14th Dist.] 1998,
pet. ref’d).  A jury is “impaneled” when
the members of the jury have been selected and sworn.  Hill, 827 S.W.2d at 864.  

            Appellant’s
objection was made after the jury had been impaneled and sworn.  Therefore, his objection was not timely, and
nothing is preserved for our review.  Cf.
Redman v. State, 848 S.W.2d 710, 715 (Tex. App.–Tyler 1992, no pet.)
(Objection raised before petit jury sworn.). 
We overrule Appellant’s first issue. 
See Saldivar, 980 S.W.2d at 484.

 

Sufficiency
of the Evidence

            In
his second issue, Appellant argues that the evidence was legally and factually
insufficient to show that the victim suffered serious permanent disfigurement.

Standard of Review–Legal Sufficiency

            The
Fourteenth Amendment due process guarantee requires that there be legally
sufficient evidence to sustain a criminal conviction.  Jackson v. Virginia, 443 U.S.
307, 315–16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Russeau
v. State, 171 S.W.3d 871, 877 (Tex. Crim. App. 2005).  Examined in a light most favorable to the
jury’s verdict, evidence is legally sufficient if any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.

            The
legal sufficiency of the evidence is measured against the offense as defined by
a hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.

            As
authorized by the indictment, the State was required to prove that Appellant
intentionally or knowingly caused serious bodily injury to a person fourteen
years of age or younger.  Tex. Pen. Code Ann. § 22.04(a)(1), (e)
(Vernon 2005).  

Standard of Review–Factual
Sufficiency

            In
reviewing factual sufficiency of the evidence, we must determine whether a
neutral review of the evidence, both for and against the finding, demonstrates
that a rational jury could find guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a reasonable
doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Sims v. State, 99 S.W.3d 600,
601 (Tex. Crim. App. 2003); Ortiz v. State, 93 S.W.3d 79, 87 (Tex.
Crim. App. 2002).  A clearly wrong and
manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. 

            As
in legal sufficiency review, the fact finder is the sole judge of the weight
and credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000);
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The jury may choose to believe all, some, or
none of a witness’s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Analysis

            Appellant
does not contest that he caused injury to T.K. or that T.K. was a child at the
time of the injuries.  On appeal, his
only contention is that the evidence is insufficient to prove that the injury
T.K. sustained was a serious bodily injury as that term is defined.[1]  Serious bodily injury is defined by statute
as bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or any protracted loss or impairment of the
function of any bodily member or organ.  Tex. Pen. Code Ann. § 1.07(a)(46)
(Vernon Supp. 2006).  

            In
support of his argument, Appellant directs us to Bueno v. State,
996 S.W.2d 406 (Tex. App.–Beaumont 1999, no pet.).  In Bueno, the State conceded
that a knife injury which left a two inch scar on the victim’s abdomen was not
life threatening and did not cause the loss or impairment of the function of a
bodily member or organ.  Id.
at 408.  Furthermore, there was no
evidence or testimony in Bueno as to “the extent or permanence of
the scarring,” which caused the court to conclude that the cut was not a
serious bodily injury.  Id.

            This
case is readily distinguishable from Bueno both in the extent of
the injury and with respect to the expert testimony offered about the permanent
scarring the child would suffer.  Several
of the State’s witnesses testified that the scarring would be significant and
permanent.  Additionally, an expert
witness called by the State testified that, because of a medical condition T.K.
suffered from and because of the force of the blows, the injuries Appellant
inflicted put T.K. at significant risk of suffering a spinal fracture or an
injury to his kidneys.  The expert witness
also testified that the keloid scars that crisscrossed the victim’s back and
the scars to his face and arm would not go away.  

            The
court of criminal appeals has recognized that the determination of serious
bodily injury must, on occasion, be made on an ad hoc basis.  See Moore v. State, 739
S.W.2d 347, 349 (Tex. Crim. App. 1987). 
The expert witness’s testimony about the risk of fracture or “hematoma
or laceration” of the kidney, without more, might not be sufficient to prove
that the injury caused a substantial risk of death.  The expert’s conclusory statement that the
injuries were serious bodily injury is similarly lacking.  

            The
evidence, however, is compelling with respect to whether the injury was a
serious and permanent disfigurement. 
Appellant is correct that not every scar is a serious bodily
injury.  See, e.g., McCoy
v. State, 932 S.W.2d 720, 724 (Tex. App.–Fort Worth 1996, pet. ref’d)(“slight
scar” on mouth not serious bodily injury). 
Instead, there must be evidence of some significant cosmetic deformity
caused by the injury.  Hernandez v.
State, 946 S.W.2d 108, 113 (Tex. App.–El Paso 1997, no pet.).  The injuries to T.K.’s back and face are
significant cosmetic deformities.  The
injuries at the time they were discovered and the uncontroverted testimony that
the child would be badly scarred for the remainder of his life are sufficient
evidence upon which the jury could have rationally concluded, beyond a
reasonable doubt, that the injury caused serious and permanent disfigurement.  Furthermore, the evidence supporting that
conclusion is neither too weak to sustain the verdict nor is it outweighed by
contrary evidence.  We overrule Appellant’s
second issue.

 

Disposition

            We
affirm the judgment of the trial court.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered August 16, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

(DO NOT PUBLISH)











[1]
The State respectfully submits that this claim is waived because Appellant’s
counsel suggested that the jury convict his client of negligently causing the
injury but did not contest the issue of serious bodily injury.  It is true, generally, that a complaint must
be made in the trial court as a prerequisite to presenting it on appeal.  See Tex.
R. App. P. 33.1.  Complaints about
the sufficiency of the evidence, however, may always be raised on appeal.  Moff v. State, 131 S.W.3d 485,
488 (Tex. Crim. App. 2004)(“If a defendant challenges the legal sufficiency of
the evidence to support his conviction on direct appeal, the appellate court
always has a duty to address that issue, regardless of whether it was raised in
the trial court.”).