# PD-1386-14

STATE OF TEXAS COURT OF CRIMINAL APPEALS

FROM ~~RECEIVED IN~~ COURT OF APPEASL

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 28 2015

Abel Acosta, Clerk

ZACHARIAH HARVEY

V

STATE OF TEXAS

174th DISTRICT COURT OF
HARRIS COUNTY. TEXAS
CAUSE NO:1311763
APPEAL NO: 14-13-00774CR

PETITION FOR DISCRETIONARY REVIEW PD# 1386-14
FROM DENIAL 1-12-15 COURT OF APPEALS
14th DISTRICT

TO THE HONORABLE COURT:

COMES NOW. ZACHARIAH HARVEY, WHOM IS INCARCERATED PROSE AND IS IN
DIGENT. I HAVE NO MONEY. MATERIAL WEALTH. OR INCOME FROM ANY SOU₱
RCE TO PAY FEES COSTS AND OR ATTORNEY. SPELLMAN 819 S.W.2D406 TEX
CRIM CODE PF PROCEDURE 145.TEX RULE OFAPPELLATE PROCEDURE 20.11.
CITE: HIGGENS 257 S.W. 3d 634.

THIS CAUSE IS TIMELY ON INEFFECTIVE ASSISTANCE OF COUNSEL/ON
APPEAL. FAILS TO CITE LAWS THAT APPLY TO MY CASE. FAILED TO INVE-
STIGATE OR EVEN CITE OUT OF STATE LAW FROM ARKANSAS. CLAIMING IT
WAS FROM CRIMINAL COURT OF APPEALS. ON AND ON.COE922F2d 528; SOI-
ELO 913S.W.2d 507 TOBIAS 884 S.W.2d 571 TO ALLOW PROSE LITIGATION
WIGGINS 123 S.Ct 2527 CAN BRING NWE THEORIES IN THE INTEREST OF
JUSTICE. ROCHELLE 791 S.W.2d 121 AND TO PROSE REQUIRED ON PDR.
PETERSON 849 S.W.2d 370ART. 1.051 FOR HEARINGS. FARETTA 95 S.Ct.
2525. WAINRIGHT 102 S. Ct 1300.

ON JULY 13. 2010. MY WIFE KICKED IN MY BEADROOM DORE. AND PHYSICA
LLY ASSAULTED ME BY HITTING ME NUMEROUS TIMES ABOUT THE FACE AND
UPPER TORSO. I MANANAGE TO GET OUT OF THE BEADROOM TO ESTABLISH
DISTANCE BETWEEN MY WIFE AND SELF. I THEN WENT INTO THE KITCHEN
TO PUT THE DISHES AND UTENSILS AWAY. I TURNED BACK TO SEE MY WIFE
COMMING IN A DOWNWARD MOTION WITH A KNIFE IN HER HAND. I BLOCKED
HER ADVANCE. AND STABED HER ONE TIME. SPONTANEOUSLY.I WAS INFEAR
FOR MY LIFE. SEE PC.6.03 ALONZO 333 S.W.3d 778 JUSTIFICATION. THE
STATE DID NOT PROVIDE ITS CASE"INTENT TO KILL BEYOND A REASONABLE
DOUBT" COOK 884 S.W.2d 485.

[1]

ERROR #1.

THE OPPINION OF THE 14th CR NO. 14-13-0074 ON AUGUST 26. 2014
FROM THE TRIAL CASE #1311763 BY CHRISTOPHER JAMSON & McCALLY. WAS
GLOBAL CONCLUSSORY. ABUSE OF DISCRETION NOT SUPPORTED BY THE REC-
ORD NO CITES. THE ISSUES IN NAME & NUMBER POINT TO THE TRIAL THAT
WAS NEITHER FAIR AND IMPARTIAL. THEY ALLOWED FABRICATION OF THE
TRUE PROCEEDINGS. NO CITINGS WHAT SO EVER. I COULDNT TURN THIS
IN IF I WERE AN ATTORNEY. ABUSE OF DISCRETION FOR THE HONORABLE
COURT OF APPEALS. TO USE THE STATE VERSON OF PROCEEDINGS. SEE
BACK GROUND SUFFICIENCY OF THE EVIDENCE WILL NOT SUSTAIN THE CON-
VICTION. IN A SELF DEFENSE CASE WHERE THE ALLEDGE VICTIUM PAST IS
THE BASIS OF THE AFFIRMATIVE DEFENSE OF SELD DEFENSE. THE JURY
MUST BE PRESENT DURING THE TESTIMONY OF ALL THE WITNESSES CALLED
TO VERIFY THE VIOLENT PAST THAT CREATED IN THE MIND OF THE DEFEN-
DANT THAT HE WAS IN IMINENT DANGER OR DEATH. AND THAT HIS REACT-
ION WAS JUSTIFIED. THIS DID NOT OCCURE. AZARIA HARVEY "DAUGHTER"
TESTIFIED BEFORE THE JURY AND IT WAS LIMITED BY PRE-TRIAL MOTTON
IN LIMINE. BY STATE AZARIAH TESTIFIED THE BEST SHE COULD UNDER
SAID MOTION. BUT WAS NOT ALLOWED TO TESTIFY BEFORE THE JURY UND-
ER SAID MOTION. BUT WAS NOT ALLOWED TO ELABORATE THOROUGHLY AGA-
IN UNDER SAID MOTION. NON OF THE OTHER FOUR WHICH NEGATES THE MAN
-DITORY DUTY OF COURT IN A FAIR AND IMPARTIAL TRIAL. ON THE SUFF-
ICIENCY OF THE EVIDENCE OF SELF DEFENSE. THE JURY MUST BE PRESENT
AND WAS NOT. WHO ARE THE WITNESS THAT GAVE TESTIMONY THAT THE
SAME AS TRIAL COURT EXCLUDED? (SEE CUMULATIVE Pg.14) ABSOLLITELY
NO EVIDENCE THAT THE DEFENDANT STABBED THE DECEDANT TWICE. THIS
IS TOTALLY FABRICATED. I REQUIRE AN EXPERT FORENSIC SCIENTIST TO
REVIEW THE AUTOPSY AND ALL MEDICAL EXAMINER THAT ACTUALLY PERFOR-
MED THE AUTOPSY DID NOT TESTIFY. THE OPINION OF THIS COURT IS RIH
DDIED AND BIASED AGAINST THE DEFENDANT. THEIE IS EVIDENCE THAT
THE ALLEFED VICTIM WAS IN A VIOLENT RAGE THAT WE WERE ARGUING. AN
THAT I RETREATED FROM MY BEADROOM TO THE KITCHEN. BUT SOME HOW I
AM THE VIOLENT ONE. WHICH IS NOT RATIONAL. OBVIOUSLY HER INJURIES
CAME WHEN SHE FELL. AND WHEN SHE KICKED DOWN THE DOOR THE PHYSIC-
AL EVIDENCE IS CONSISTENT WITH THE CLAIM OF SELF DEFENSE. WHICH
IS AN AFFIRMATIVE DEFENSE.

THE JURY WAS ENTITLED TO INFER THAT THE DECEDENT HAD HER ARMS RAISED TO SHOW APPELLANT. SHE WAS HOLDING A KNIFE. AND TRIED TO STAB ME. SHE HAD NO DEFENSIVE WOUNDS. THE JURY WAS NOT FREE TO TO HEAR THE TESTIMONY OF EXCULPATORY WITNESSES THE STANDARD OF REVIEW ON SUFFICIENCY OF EVIDENCE ON SELF DEFENSE. WHICH IS AN AFFIRMATIVE DEFENSE CASE CITED BY THE COUTY OF ARPEALS IS CLEARY ERRONEOUS CONTARARY TO LAW. AND THE ABUSE OF DISCRETION AS EXPLA-INED ABOVE.

THE STATE HAS THE ULTIMATE BURDEN OF PROOF WHEN CONFRONTED WITH A SECTION 2.03 AND 2.04 DEFENSE. THE STATE BURDEN IS PROVING IT'S CASE BEYOND A REASONABLE DOUBT. THEREFORE. WE HOLD THAT WHEN A DEFENDANT CHALLENGES THE FACTUAL SUFFICIENCY OF THE REJE-CTION OF A DEFENSE. THE REVIEWING COURT REVIEWS ALL OF THE EVIDE-NCE IN A NEUTRALLIGHT AND ASKS WETHER THE STATE EVIDENCE TAKEN ALONE IS TOO WEAK TO SUPPORT THE FINDING. AND WEATHER THE FINDING OF GUILT WAS CONTARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE AS TO BE CLEARY WRONG AND UNJUST THAT A RATIONAL FACT FINDER COULD DETERMINE THAT THE APPELLANT USED DEADLY FORCE WHEN AND TO THE DEGREE HE REASONABLE BELIVED FORCE WAS IMMEDIATELY NECESSARY TO PROTECT HIMSELF.

IN THIS CASE WHERE THE ALLEDGED VICTIM USE ATTEMPTED TO USE UNLAWFUL DEADLY FORCE THAT IS ALL THE LAW REQUIRES TO RAISE THE ISSUE OF SELF DEFENSE. THIS WOULD ELIMINATE THE ACCUSATION THAT I MADE A SELF-SERVING SELF DEFENSE. CLAIM. 911 TAPES OF EMERGENCY PHONE CALL ARE BASED ON HEARSY. NOT STATEMENT OF FACT PERSE BROWN 355 F3d 82; CRAWFORD 124 S.Ct.1356. THEREBY NOT TRUST WORTHY OF PRIMARY EVIDENCE. THE CRIME SCEN EVIDENCE IS THE PRIMARY EVIDENCE WHICH IS NOT SELF SERVING CREDIBILITY OF 911 CALLS CITE PENAL COD 9.31-9.32. DUE TO THE ILLEGAL IMPLEMENTATION OF MOTION IN LINE, THE JURY WAS NOT ALLOWED TO HEAR FROM FOUR OF THE CHARACTER WIT-ness who were not allowed to give sworn testimony before the jury THE PANEL STATES THE JURY IS ENTITLED TO DISBELIEVE THE STATEMENT AND APPARENTLY THE EVIDENCE FROM THE CRIME SCENE WHICH IS TRUBEL-BUT THAT IS A CONCLUSORY STATEMENT WHICH IS UNRELIABLE AND IS A CLEAR VIOLATION.

THE GRANTING OF THE MOTION IN LIMINE WAS AN ABUSE OF DISCRETION. MISAPPLIED DUE TO THE FACT THAT I HAVE THE RIGHT TO ASSERT AN AFFIRMATIVE DEFENSE UNDER THE CONSTITUTION OF THE UNITED STATE CHAMBERS 93 S.G. 1038. SELF DEFENSE IS BASED TOTALLY UPON THETHER JURYS CONSIDERATION OF THE ELEMENT WHEN PROPERLY INSTRUCTED. TO U TO DETERMINE THE GUILT INNOCENCE OF THE DEFENDENTBASED ON THE VIC -TIMS VIOLENT HISTORY TORRES V. STATE 117 s.w.3d 891. IN ADDITION THE STATE HAS A DUTY TO SEE THAT JUSTICE IS DONE AND NOT TO CONVICT AND CAN NOT SECRETE WITNESSES. NOR EVIIDENCE THAT WOULD NEGATE THE CONVICTION. ART 2.01 C.C.P MITCHEL 977 S.W.2d 575; BERGER 55 S.Ct 629; SMITH 205 F3d 1045. MOTION IN LIMINE. HERNANDEZ 767 S.W.2d 903-4 (4RR-121). T.R.E. 405 IN FACT THE STATE HAS VIOLATED IT"S OWN MOTION IN LIMINE. BY PROVIDING MY CASE ON APPEAL SEE SEE STATE BRIEF Pg's 14-21 WHICH IS REVIEWED BY THE APPELLATE COURT AND PERSERVED IN ADDITION VIOLATES BRADY 83 S.Ct 1194. DO NOT REQUIRE PRESERVATION SANCHEZ 120 S.W.3d 359 THE MOTION IN LIMINE EFFECTIVELY SHIFTED THE BURDEN OF PROOF FROM THE STATE TO THE DEFENDANT THAT I HAD TO PROVE THERE WAS NO MALICE TO MEET IN STABBING MY WIFE. MULLANEY 98S.Ct 1881. TO PUT THE KNIFE IN MY HAND AND OUT OF HERS. WHICH IS SPECULATION AND NOT THE TRUTH ALONZO 353 S.W.3d 788 P.C.2.03. DEFENDANT DID NOT THEN HAVE TO RETREAT. WINDSHIP 90 S.Ct 1068. HERE AGIN THE JURY WAS NOT ALLOWED TO HEAR MY AFFIRMATIVE DEFENSE OF FACT! THAT THE ALLEGED VICTIUM WAS A A VIOLENT PERSON. SO I HAD TO RESPOND TO HER ATTACK IN A WAY THAT I WAS SELF DEFENSE. I WAS IN FEAR OF MY LIFE. I PROVED SELF DEFENSE THAT CAN"T BE DISPROVED DUE TO THE FACT THERE IS INSUFFICIENT EVI -DENCE. THAT THE INCIDENT DID NOT OCCURE AS I SAID IN FACT THERE WERE WITNESSES THAT SUPPORT MY SELF DEFENSE CLAIM. AND THE STATE USED KNOWING PERJURED TESTIMONY BY A SUPERVISOR OF THE MEDICAL EXAMINERS OFFICE. ALLOWED STAB WOUND BEING TWICE. WHILE THE PHYSICAL EVIDENCE WILL SHOW ONLY ONE WOUND ACTUALLY CAUSED DEATH OR INFLICTS. THE STATE DID NOT DISPROVE MY CLAIM OF SELF DEFENSE BEYOUND A REASONABLE DOUBT. SAXTON 804 S.W.2d 910.13.16. WERE OVER RULED BY MERAZ 785 S.W.2d 146. DUE TO CITES TO VAN GUILDER 709 S.W.2d 178 STATE HAS NOT DISPROVED THAT I DIO NOT ACT IN SELF DEFENSE.

SEE NEUTRAL LIGHR NOT LIGHT MOST FAVORABLE TO THE PROSECUTION ZULIAN 97 S.W.3d 595 AND SAXTON HAS NO VALUE FOR REVIEW. PENAL CODE 2.04. STATE MUST DISPROVE NOT REFUTE BEYOND A REASONABLE DOUBT REAVIS 970 S.W.2d 115. TORRES 117 S.W.3d 891. THE REACHING OF GUILTY VERDICT MUST BE "SET ASIDE" DUE TO THE FACT THERE WAS A UNCONSTITUTIONAL UNDERSTANDING OF THE LAW IN REACHING A GUILTY VERDICT. SEE ABOVE FRANCIS 105 S.Ct 1965.76 THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT I INTENDED TO KILL. JOHNSON 271 S.W.3d 359. THAT THE JURY INSTRUCT IN THIS SITUATION IN KRAJCOVIC 351 S.W. 3d 523 . HAVING A KNIFE IS NOT INTENT A KNIFE IS NOT A DEADLY WEAPON PER SE 1.07 & 9.31 PENAL CODE CADWELL 288 F.3d 838; BUENO 996 S.W.2d 406. THE EXCLUSION OF THE TESTIMONIES FROM THE WITNESSES THAT IS NOT MULTIPIE WITNESSES TO THE SAME SITUATION. BUT INSTED MULTIPLE WITNESSES NOT CUMULATIVE TO MULTIPLE INSTANCE INVOLVING HER VIOLENT CHARACTER. AND HER PERPENSITY TO VIOLENCE SEE T.R.C. & F.D.E. 402-04 38.36 T.C.C.P. T.R.A.P. 44.2. JURY EXCLUSIVE OF TRIER FACT.

MONTGOMERY 810 S.W.2d 372. MARTIN 107 S.Ct 1099 PROPER JURY INSTRUCT ON SELF DEFENSE . HARM ANALYSIS ALMANDZ 686 S.W.2d 157 T.C.C.P. ART 38 SANDSTOROM 99 S.Ct. 2450; BARRERA 10 S.W.3d 743. INNEFFECTIVE ASSISTANCE OF COUNSEL ON JURY INSTRUCT REAGAN 365 F3 d 616; FAILURE TO OBJECT INDICTMENT YOUNG 356 F.3d 616. CONTRARY TO AND OR OBJECTIVELY UNREASONABLE. SMITH 417 F3.d 438 (KNOWINGLY ACTUAL INNOCENCE CAN BE BROUGHT FIRST ON APPEAL. AND DUE INEFFEC-TIVE ASSISTANCE OF COUNSEL WAS NOT BROUGHT MURRAY 106 S.Ct. 2639. THE EXTERNAL IMPEDIMENT WAS THE MOTION IN LIMINC USE BY THE STATE WHICH WAS USED TO DEPRIVE ME OF MY CONSTITUTIONSL RIGHT TO BE HEARD BY THE JURY WHICH DETERMINES THE CREDIBILITY OF THE WITNES-SES. I HAVE A RIGHT TO BRING ABOUT AN AFFIRMATIVE DEFENSE BASED ON U.S. 125 S.Ct 738 BOOKER . THE CHARACTER OF THE VICTIM THAT MUST BE HEARD BY THE JURY AND WAS NOT (4 RR-121.) THIS BRADY VIOLATION WAS DEAD BANG WINNER. AND WAS NOT BROUGHT ON APPEAL OR OBJECTED AT TRIAL. THE EXCULPATORY EVIDENCE WAS MATERIAL AND IMPROPERLY WITH HELD FROM THE JURY VIOLATED DUE PROCESS BANKS 54 F3d 1508. SEE ALSO HOLMES 885 S.W. 2d 389 ELOZONDO 947 S.W.2d 202; TREVINO 135 S.Ct 524; McQUIGGEN 133S.Ct 1924. THERE HAS BEEN A FUNDAMEN-TAL MISCARRIAGE OF JUSTICE IN THE CONVICTION OF THIS APPELLANT WHO IS ACTUALLY INNOCENT.

ERROR #2

SUFFICIENTY OF THE EVIDENCE WILL NOT SUSTAIN THE CONVICTION
AS TO THE AFFIRMATIVE DEFENSE. HEAR IN THE JURY RETURNED A GUILTY
VERDICT. AND I AM REQUESTING FOR A NEW TRIAL. SUFFICIENCY OF THE
EVIDENCE MUST BE BROUGHT FIRST ON APPEAL AND WAS NOT. A TRIAL
COURTS DECISION TO ADMIT OR EXCLUDE EVIDENCE IS REVIEWED UNDER
ABUSE OF DESCRETION STANDARD BURDEN 55N3d 608. A DEFENDANT IN A
HOMICIDE PROSECUTION WHO MAY INTRODUCE EVIDENCE T:R:E. 4.04 TATE
981 S.W.2d 981 S.W.2d189 THERE MUST BE SOME EVIDENCE OF VIOLENT
OR AGGRESSIVE PAST BY THE DECEASED THAT TENDS TO RAISE THE ISSUE
OF SELF DEFENSE.  IN THOSE SPECIFIC ACTS MAY EXPLAIN. THAT ALSO
AND DEMONSTRATE INTENT OR MOTIVE BEYOND THE CONFRONTATION HEARING
WE HAD MULTIPLE WITNESSES. THAT GAVE MULTIPLE ACT OF VIOLENCE NOT
HEARD BY THE JURY. THAT THE ALLEDGE VICTIUM WAS THE FIRST AGGRE-
SSOR. THIS EVIDENCE SHOULD BE REVIEWED ON A NETURAL LIGHT. FINDIN
OF GUILT IS CONTARY AND UNJUST. DUE TO THE JURY NOT BEING ALLOWED
TO HEAR THE TESTIMONY OF THE AFFIRMATIVE DEFENSE. AND IS NOT IN
LIGHT IN FAVORED TO THE PROSECUTION ZULIANI 97 S.W.3d 595; REAVES
970 S.W.2d 115-6 SMITH 417 F3d 438. ( SELF- DEFENSE IS AN AFFIR-
MATIVE DEFENSE BY A PEPONDERANCE OF THE EVIDENCE BURKS 98 S.Ct
2141 MARTIN 107 S.Ct. 1098 THE ACT WAS SPONTANEOUS AND NOT PRE-
MEDITATED. IT IS THE DUTY OF THE STATE TO ESTABLISH AND PROVE THE
ELEMENTS OF THE MURDER BEYOND A REASONABLE DOUBT (Pg 3 OF THE 14t
COURT OF APPEALS OPPINION. AND SAXTON 804 S.W.2d 913. ARE INCORRE
-ECT) AND THE ISSUE MUST BE DECIDED BY THE JURY THAT I DID NOT
ACT IN SELD DEFENSE IS NOT FOUND. THE WORD ALSO IMPLY THE JURY
CHARGE IS INSUFFICIENT PATTERSON 97S Ct 2319. STATE LAW MUST
EQUAL OR EXCEDE FEDERAL LAW OR BE UNCONSTITUTIONAL. HEITMAN 815
S.W. 2d 681 THEIR IS NO PRESUMPTION OF CORRECTNESS IN THIS OPPIN-
ION. THEIR HAS BEEN AN UNREASONABLE OBJECTIVELY APPLICATION OF OR
LAW AS RULED ON BY THE SUPREME COURT. ANS OR CONTRART TO MARTIN
107 S.Ct. 1098. SEE Pg. 4 OF CRIMINAL COURT OF APPEALS OPPINION
SAXTON 8045.S.W.2d 913-14). IN ADDITION THEY FAILED TO TAKE PRINT
OFF THE KNIFES TO HIDE THE FACT SHE THE DECEASED HAD A KNIFE IN
HER HAND AT THE TIME. THAT I TURNED AND DEFENDANT MY SELF.  ALL
OF THE KNIFES BUT THE ONE WAS NOT WASHED. JUST BEFORE THE OFFENCE
THIS WAS INEXCULPULATORY MATERIAL THAT WAS IMPROPERLY HELED UNDER
SUBSECTION 9.01 BRADY V. MARYLAND 83 S.C.T. 1194.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO CALL UPON EXPERT WITNESSES SEE ART. 26.05 T.C.C.P IN PARTICULAR    A MEDICAL EXAMINER TO REBUTT THE STATE MEDICAL EXAMINERS KNOWING USE OF FALSE TESTIMONY SPECIFICALLY "TWO" STAB WOUNDS ON THE ALL-EDGE VICTIM. BRIGGS 187 S.W.3d 458; MOONEY 55S.Ct. 340 NAPUE 79 S.Ct. 1173. CITING REY 897 S.W.2d. 343; AKE 105 S.Ct. 1087.

THIS IS NOT A STRATEGIC DECISION MADE AFTER FACTS. LAW AND DUTY TO INVESTIGATE. AUTOPSY DONE BY ALEX JOHN. AND THE STATE REL -IED ON DOCTOR DWAYNE WOLF. A VIOLATION OF CONFRONTATION CLAUSE (SEE REPORTER RECORD IV 41-44). CRAWFORD 124 S.Ct 1354 SEE ALSO MELENDEZ 129 S. Ct 2527. TESTIMONY IS INADMISSABLE. WALL 184 S.W. 3d 730; COLE 839 S.W.2d 798. SEE TEX.RULE OF EVIDENCE 803 NOT ADMISSABLE. FAILURE TO GET RECORDS. TUCKER 181 F3d 747 NO PRESU-MPTION OF CORRECTNESS. THE DEPTH OF THE FATAL WOND WAS AT LEAST FOUR INCHES. THE SECOND ALLEGED WOUND BARLEY BROKE THE SKIN.AND THE TESTIMONY OF WHY THE DECEDENTS ARMS WERE RAISED ABOVE HER HEAD WAS IN CONTROVERSY LEFT IN SPECULATION BY THE STATE PREJUD-ICED THE JURY. THE DEFENDANT MUST SHOW THAT THEIR IS A REASONABLE PROBABILITY THAT. BUT FOR COUNSELS UNPROFESSIONAL ERRORS THE RESU ULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT : A REASONABLE PROBABILITY IS A PROBABILITY SUFFICIENT TO UNDERMIND CONFIDENCE IN THE OUTCOME. STRICKLAND 104 S.Ct. 2052:: WILLIAMS 120 S.Ct. 1495 CONTARY TO OR OBJECTIVELY UNREASONABLE WHICH IT FELL BELOW 1.4.5.6.8.& 14U.S.C.A.  SINGULAR OR VELA 708 F2d 954; SATTER 977 F2d 1259. CUMULATIVE ERROR. BURCH 401 S.W.3d 634 I.A.C..

VIOLATION OF SPEEDY TRIAL ACT BASED ON ABUSE OF DISCRETION. APPELLANT HAD ALREADY BEEN INDICTED ON JULY 1-2011. ARRESTED ON JULY 6-2011. AND TRIED APRIL 1-2013. APPELLANT FILED A TIM=Y ELY MOTION PRO SE FOR A SPEEDY TRIAL ON JULY 26-2012. THE MOTION WAS NEVER RULED UPON BY THE COURT. THAT IN ALL CRIMINAL PROSEC-UTIONS THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY TRIAL.

DOGGETT 112 S.Ct 2686. SIXTH AMENDEMENT. THE APPELLANT ALSO CONTESTS THE COURT OF NOT BRINGING THE APPELLANT TO TRIAL. WHICH SURPASSED 70 NONE EXCLUDABLE CLOCK DAY'S. THE DISTRICT WAS REQUI-RED TO DISMISS THE INDICTMENT. ( IF THE DEFENDANT IS NOT BROUGHT TO TRIAL WITH IN THE TIME LIMITED REQUIRED BY SECTION 3161 (C) AN EXTENDED BY SECTION 3161 (H) . THE INFROMATION SHALL BE DISMISSED ON MOTION OF THE DEFENDANT SEE ARTICLE 32.01 AND 28.061. ALFORD 142 F3d 825. 821. A RULE REQUIRING ALL PENDING CHARGES AGAINST A PRISON INMATE TO BE BROUGHT TO TRIAL WITHIN 180 DAY'S. OR TO BE DISMISSED WITH PREJUDICE. KELLY 122 S.W.3d 227 ; FEDERAL CIVIL PROCEEDURE 1951. ART 1 SEC. 10 TEXAS. 6 U.S.C.A. THE SPEEDY TRIAL ACT GENERALLY REQUIRES THAT THE TRIAL OF A CRIMINAL DEFENDANT " COMMENCE" WITHIN SEVENTY DAYS FROM THE FILLING DATE ( AND MAK-ING PUBLIC) OF THE INFROMATION OR INDICTMENT. OR FROM THE DATE THE DEFENDANT HAS APPEARED BEFORE A JUDICIAL OFFICER OF THE COURT IN SUCH CHARGED IS PENDING WHICH EVER DATE LAST OCCURS. 18 U.S.C. (SUB SEC: 3161 (C) (1) SEE BERMEA 30 F3d 1539.1566 (5th CIR 1994) CITING BARKER 92S.Ct 2182. MOTIONS MUST REQUIRE A HEARING UNDER SUB SEC: 3161 (H) (1)(F) JOHNSON 29 F3d 940 942-943 (5th CIR 1994 INNEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO BRING INEFFECTIVE OF TRIAL COUNSEL. DELGADO 181F3d 1087; TREVINO 133 S.Ct 524 NO PROCEEEDURAL BAR UNDER THE A.D.E.P.A. SEE WILLIAMS 120 S.Ct 1495 SEE ABOVE PLEASE CONSIDER ALSO FOR PLAIN ERROR TRX. RULE OF EVID. 103 T.R.A.P.43&44.

## PRAYER

WHEREFORE PREMISES CONSIDERED APPLICANT PRAYS THIS HONORABLE COURT GRANTS HIM RELIEF HEREIN DESCRIBED; DISCOVERY HEARING. A NEW TRIAL. AQUITTAL. AND ANY OTHER RELIEF ONE MAY BE ENTITLED TO.

RESPECTFULLY SUBMITTED.

CAUSE NUMBER: 1311763

THE STATE OF TEXAS                    §    IN THE 174th DISTRICT

VS.                                   §    COURT OF HARRIS COUNTY

ZACHARIAH HARVEY                      §    TEXAS

## MOTION FOR DISCOVERY
### S.B.1611 &S.B. 825

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ZACHARIAH HARVEY, DEFENDANT IN THE ABOVE ENTITLED AND NUMBERED CAUSE, AND RESPECTFULLY MOVES THE COURT TO HIRE AN EXPERT FORENSIC EXAMINER ART. 26.05 T.C.C.P, AND THE ENTIRE RECORD OF INSUFFICIENT EVIDENCE, THE RECORD ON INEFFECTIVE ASSISTANCE OF COUNSEL, AND REQUIRE THE ENTIRE RECORD. RAMADAN 89 SW3d 745; STAFFORD 813 SW2d 503; BRITT 92 S.CT.431; FREE WHITE 823 SW2d 296; PULIDO 879 F2d 1255 ART. 26.04. ART. 1.05 T.C.C.P; MARTINEZ 110 S.CT 1309 132 T.A.R.P 20.2. BOUSQUET 41 SW3d 131. ADDRESS SUFFICIENCY OF THE EVIDENCE EVEN IF YOU HAVE OTHER ERRORS. A COPY OF AUTOPSY AND COMPLETE POLICE REPORT. MONTGOMERY 482 FS2d 919; CRAWFORD 934 SW2d 744; NOTE: CLERKS LOG FOR 14-13-00774-CR ON OR ABOUT 11-4-14. SEE TRIAL: SEE STRICKLER 119 S.CT. 1936 TRANSPARENCY.

WHEREFORE PREMISES CONSIDERED. THE DEFENDANT PRAYS THAT THIS COURT GRANT THIS MOTION.

## DECLARATION

§ 132.003 TEX. CIV. PROC & REM. CODES IN ZACHARIAH 1853348, BEING PRESENTLY INCARSERATED IN O.B. ELLIS UNIT. IN WALKER COUNTY. TEXAS. DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 23 Jan 15                    Zachariah Harvey
                                         (signature)

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING WAS MAILED TO THE DISTRICT ATTORNY'S OFFICE ASSIGNED TO THE 174th DISTRICT COURT OF HARRIS COUNTY. TEXAS ON THE _____ DAY OF _____, 2015.

RESPECTFULLY SUBMITTED



Mr. Zachariah Harvey
#1853348
1447 FM 956 Ellis
Huntsville, Tx. 77343

SPECIAL

NORTH HOUSTON TX 773

26 JAN 2015 PM 11

Court of Criminal Appeals
P.O. Box 12308.
Capital Station
Austin, Tx. 78711

78711230808

LEGAL MAIL